## HARRIS v PAUL, et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Nov. 24, 1930

Edward Blythin, Cleveland, for Harris.
F. F. Truhlar, Cleveland, for Paul, et.

LEVINE, J.

It will be seen that one of the essentials prerequisite of the right of any person to bring such action, is that such person be in possession of real property by himself or tenant. It is admitted in this action that neither party was in actual possession. Both sides rely upon the following statement of law found in 2 Corpus Juris, 244, Sec. 531, as follows:

"Where both parties have color of title and neither is in actual possession. Where two persons claim under color of title, but neither is in actual possession the superior title will prevail. The mere fact that the holder of the junior title claims the land, cannot operate to defeat the constructive possession and title of the holder of the senor title."

Also on a statement found in 22 Ruling Case Law, p. 80, Sec. 59, which reads:

"* * * Properly speaking, constructive possession is that possession which the law annexes to the title."

Page 81, Section 60:

"The holder of a valid deed to real estate, whether it be tax deed or deed from the owner himself, impliedly and constructively has the possession of the property described in the deed."

From our examination of the authorities, we believe it to be an open question in Ohio as to whether the requirements of **11901 GC**, that a person bringing an action to quiet title must be in possession of real property, is satisfied by mere constructive possession which follows title.

There is room for argument that the statute intended that the person bringing such action must be in actual possession and that otherwise he must resort to a different remedy.

We shall not dwell upon this point for the reason that it seems to be conceded by both sides for the purposes of this case,

that constructive possession which follows the superior title will satisfy the requirements of the statute.

As between the original grantor and the parents of defendant, Paul, who were the grantees, and who received their deed in 1898, the title was a valid title and vested in them, even though the deed was not recorded.

As against subsequent bona fide purchasers, an unrecorded deed by virtue of the code is deemed fraudulent. **8543 GC** reads as follows:

"Recording of deeds and instruments for the conveyance or encumbrance of lands. All other deeds and instruments of writing for the conveyance or incumbrance of lands, tenements or hereditaments, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the premises are situated, and until so recorded or filed for record they shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or instrument."

Had the plaintiff received the sheriff's deed prior to the recording of the Paul deed, he would undoubtedly have the full benefit accorded to a subsequent purchaser, and as to him, the deed of Paul's parents, which was unrecorded, would have been deemed fraudulent. **Wright v. Franklin Bank et al., 59 Oh St 80; Dow v. Union National Bank et al., 67 Oh St, 173; Wier et al. v Snider Saw Mill Co., 86 Oh St, 424.**

Had that been the case, the title of the plaintiff, which he received by virtue of the sheriff's deed, would unquestionably be regarded as a superior title.

It is stipulated, however, by the parties, that the deed under which the defendant Paul claims, was placed of record on December 21, 1903. From that time on, all persons who acquired title in the land described in such recorded deed, take it with constructive notice of the existence of such deed.

The plaintiff did not receive his sheriff's deed until about January 25, 1904. Under the circumstances, he took it with constructive notice of the existence of the Paul deed and therefore took it subject thereto. In our opinion, Paul has the superior title and if it be, as is claimed from the authorities, that constructive possession follows superior title, such constructive possession must be deemed to be in Paul and not in the plaintiff, Henry Harris.

Holding as we do, the judgment of the Common Pleas Court will be affirmed.

Vickery, PJ, concurs.
Cline, J, not participating.